## SEARS, ROEBUCK & COMPANY

v.

## STATE TAX ASSESSOR.

Supreme Judicial Court of Maine.

Argued Jan. 3, 1989.

Decided June 22, 1989.

Elizabeth G. Stouder, Edwin A. Heisler, (orally), Richardson & Troubh, Portland, for plaintiff.

Clifford B. Olson (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD and HORNBY, JJ.

ROBERTS, Justice.

Sears, Roebuck & Co. appeals from a judgment of the Superior Court (Cumberland County, *Alexander, J.*) affirming the deficiency assessment of the State Tax Assessor for Sears' income tax for the four fiscal years prior to 1983. Because we agree that the Assessor erred in using the combined reporting method to determine Sears' pre–1983 tax liability, we vacate the judgment.

### I.

The facts and procedure are undisputed and have been stipulated by the parties. Sears is a foreign corporation authorized to do business in Maine and has filed state income tax returns since Maine's income tax law was enacted in 1969. During the four fiscal years preceding 1983, Sears was engaged in a "unitary business" with twelve subsidiaries. A unitary business is a form of business activity consisting of multiple corporate entities characterized by unity of ownership, functional integration, centralization of management and economies of scale. None of Sears' twelve subsidiaries was authorized to do business in Maine or was subject to the state's income tax. Through 1983 Sears filed timely income tax returns and reported its income without reference to its subsidiaries.

 In 1984, the Assessor redetermined Sears' Maine income tax for the fiscal years at issue by employing "combined reporting." Combined reporting is an accounting method used to determine, for state income tax purposes, the taxable income of each member of a multi-corporate group engaged in a unitary business. Combined income (or loss) is apportioned to each member of the group by modifying

the normal three-factor apportionment formula to reflect the ratio of that member's Maine property, payroll and sales to the total property, payroll and sales of the entire group. The Maine net income attributed to Sears by this method was used as the basis for the contested assessment. No assessment was made against Sears' subsidiaries pursuant to this method because none of those subsidiaries had an income tax nexus with Maine.

Including interest charges, the computation resulted in a total liability of $412,052, compared to an original total liability of approximately $46,000. Sears filed a complaint for judicial review pursuant to 36 M.R.S.A. §§ 5301–5306 (1978 & Supp.1988). Following a Superior Court affirmance of the Assessor's decision, Sears filed this appeal.

## II.

■ In June, 1983, an interlocutory decision in another Superior Court case, for the first time, approved the Assessor's use of the combined reporting method. Thereafter, the Assessor required all unitary business operations to follow the combined reporting method for any open periods subject to audit. Employing that method, the Assessor recomputed Sears' Maine income tax for the four fiscal years prior to 1983 and assessed the deficiency. Statutory changes enacted by P.L.1983, ch. 571 (effective September 23, 1983) control subsequent tax years and require the use of the combined reporting method. The narrow issue we decide today is whether the Assessor's use of combined reporting to determine Sears' tax liability for the preceding years complied with the Maine income tax law prior to the 1983 amendment. The State Tax Assessor and the Superior Court found authority for the assessment in the Uniform Division of Income for Tax Purposes Act (UDITPA), 36 M.R.S.A. §§ 5210–5211 (1978 & Supp.1988), specifically the "catch-all" provision of § 5211(17)(D). We disagree with their interpretation.

The UDITPA provides a method of apportionment of income from business activity that is taxable both within and without the State. *Id.* § 5211(1). The formula to be applied includes the ratio of in-state property, payroll and sales to the taxpayer's total property, payroll and sales as those factors are defined in sections 5211(8)–(16). Variations from the apportionment provisions are permitted by section 5211(17), which provides:

**17. Variations.** If the apportionment provisions of this section do not fairly represent the extent of the taxpayer's business activity in this State, the taxpayer may petition for, or the tax assessor may require, in respect to all or any part of the taxpayer's business activity, if reasonable:

**A.** Separate accounting;

**B.** The exclusion of any one or more of the factors;

**C.** The inclusion of one or more additional factors which will fairly represent the taxpayer's business activity in this State; or

**D.** The employment of any other method to effectuate an equitable apportionment of the taxpayer's income. [the so-called "catch-all" provision]

*Id.* § 5211. The plain meaning of section 5211 is that the apportionment formula shall be varied only when it does not fairly represent the extent of the taxpayer's business activity in this State. Thus, the catch-all provision (D) is not operative in the absence of a showing on this record that the formula computation is not fairly representative.

Our textual analysis of section 5211 is reinforced by the comments of the draftsman of the uniform law, William J. Pierce, in an article in the October, 1957 issue of *Taxes—The Tax Magazine.* Pierce stated:

Section [17] is a general section which permits the tax administrator to require, or the taxpayer to petition for some other method of allocating and apportioning the income where unreasonable results ensue from the operation of the other provisions of the act. This section necessarily must be used where the statute reaches arbitrary or unreasonable results so that its application could be attacked successfully on constitutional grounds.

Furthermore, it gives both the tax collection agency and the taxpayer some latitude for showing that for the particular business activity, some more equitable method of allocation and apportionment could be achieved. Of course, departures from the basic formula should be avoided except where reasonableness requires. Nonetheless, some alternative method must be available to handle the constitutional problem as well as the unusual cases, because no statutory pattern could ever resolve satisfactorily the problems for the multitude of taxpayers with individual business characteristics.

Pierce, *The Uniform Division of Income for State Tax Purposes*, 35 Taxes 747, 781 (1957).

Moreover, we are unpersuaded by the authorities cited by the Assessor. In the four leading cases cited, the appellate court either explicitly or implicitly stated that combined reporting was necessary to reflect accurately the business activity of the particular taxpayer within the state. In *Coca–Cola Co. v. Dept. of Revenue*, 271 Or. 517, 533 P.2d 788 (1975), the court affirmed the use of the combined method that the Department of Revenue contended would more accurately reflect the income of the taxpayer. In *Caterpillar Tractor Co. v. Lenckos*, 84 Ill.2d 102, 49 Ill.Dec. 329, 417 N.E.2d 1343 (1981), the court stated that combined reporting was necessary to permit a fair determination of that portion of business income attributable to Illinois. In *PMD Investment Co. v. State Dep't of Revenue*, 216 Neb. 553, 345 N.W. 2d 815 (1984), and *Pioneer Container Corp. v. Beshears*, 235 Kan. 745, 684 P.2d 396 (1984), both courts relied on the reasoning of the Illinois court in *Caterpillar*.

These cases did not decide that a unitary business must use combined reporting. They decided that combined reporting could be used in appropriate circumstances. Moreover, the *Pioneer* court described subsection D of section 5211 as the "relief" provision, stating that "the three factor formula is the general rule of UDITPA and the alternative methods under the 'relief' provision [§ 5211(17)] are the exceptions." Because the relief provision is operative only when necessary to avoid unfairness, it cannot be applied across the board. Aside from the *ipse dixit* in the Assessor's brief that combined reporting is always necessary to fairly represent the extent of unitary business activity within the state, there is no showing on this record that the three-factor formula did not fairly represent the extent of Sears' business activity within Maine. Nor is there any suggestion that the Assessor ever made such a determination. Judgment should be entered for the taxpayer in accordance with 36 M.R.S. A. §§ 5301–5306.

The entry is:

Judgment vacated.

Remanded for entry of judgment consistent with the opinion herein.

All concurring.